Citation Nr: 21049971
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 16-48 587
DATE: August 13, 2021

REMANDED

Entitlement to service connection for a right knee disorder is remanded.

Entitlement to service connection for a left knee disorder is remanded.

Entitlement to a total disability rating based on individual unemployability (TDIU) prior to September 1, 2017 is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1988 to August 1991.

In February 2020, a Travel Board hearing was held before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is of record. 

In May 2020, the Board remanded the current claims for additional development. The Board also remanded the issues of entitlement to service connection for right and left hip disorders. 

In a January 2021 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection for bilateral hip disorders. These grants of service connection constitute a full award of the benefits sought on appeal with respect to those issues. See Grantham v. Brown, 114 F.3d 1156, 1158 (Fed. Cir. 1997). Accordingly, those matters are no longer in appellate status.

The Board also notes that, in an April 2021 rating decision, the AOJ granted entitlement to a TDIU for the period from September 1, 2017. Accordingly, as entitlement to a TDIU was partially granted, the Board's consideration of this issue is limited to the period prior to September 1, 2017. See AB v. Brown, 6 Vet. App. 35 (1993); see also April 2021 Supplemental Statement of the Case (SSOC).

Finally, the Board acknowledges that in June 2021, the Veteran's representative requested a 90-day extension to submit additional evidence in support of the claim. Although the 90-day extension period has not yet expired, as the issues on appeal are being remanded, the Board finds the Veteran is not prejudiced by proceeding with the claim. Notably, the Veteran will be able to submit additional evidence in support of his claim while the case is undergoing additional development.

1. Entitlement to service connection for right and left knee disorders are remanded.

In the May 2020 remand, the Board requested that the AOJ procure a VA medical opinion to address the etiology of the Veteran's bilateral knee disorders. The Board specifically requested that the VA examiner address both direct and secondary service connection and provide a rationale that discusses the Veteran's testimony that she began having knee pain during service and continued after and the service treatment records (STRs) showing bilateral knee stress bone changes (in June 1988) and right knee problems (in April 1991). 

In January 2021, the Veteran was provided a VA examination and medical opinion to evaluate her bilateral knee disorders. The examiner diagnosed left knee arthritis and right total knee replacement and rendered negative direct and secondary service connection opinions. The examiner explained that the June 1991 medical examination and November 1991 medical evaluation did not show a knee condition. The examiner also indicated that, after a review of the low back and knee diseases, they were not connected with regard to disease progression. 

In February 2021, the AOJ procured a VA addendum opinion from the same VA examiner who performed the January 2021 VA examination for additional clarification regarding the etiology of the Veteran's bilateral knee disorders. The examiner indicated that the in-service bone scan findings of mild activity in the knees were a false positive since there were no clinical complaints at all related to the knees. The examiner also explained that the Veteran's April 1991 knee complaints were isolated and the November 1991 reports for right knee pain had no findings. The examiner noted that the next time there were any documented complaints for knee pain was in 2002, almost 11 years later. The examiner appears to have attributed the Veteran's knee disorders to her obesity and cited to an UptoDate medical resource that showed risk factors for osteoarthritis included age, gender, genetics, joint injury, anatomic factors, obesity, and lifestyle. With regard to secondary service connection, the examiner was instructed to clarify if the Veteran's bilateral knee disorders were aggravated beyond their natural progression by the service-connected lumbar spine disorder. In response to this, the examiner cited to an UptoDate medical resource and explained that, a review of this medical resource, did not show that degenerative joint disease of the lumbar spine worsened the osteoarthritis or degenerative joint disease of the knees. 

In spite of the AOJ's attempts at obtaining a sufficient VA medical opinion, the Board finds the current evidence of record is insufficient to adequately adjudicate the Veteran's claim. In pertinent part, although the examiner appears to address the Veteran's STRs, the examiner did not otherwise consider or discuss the Veteran's testimony that she continued to have knee pain after service as specifically instructed in May 2020 remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The examiner also indicated that the next time there were any documented complaints for knee pain following service was in 2002. However, this finding is inaccurate because the record reflects that, during a February 1997 VA examination, the Veteran reported arthralgia of her knees since 1988. Furthermore, in determining whether the Veteran's bilateral knee disorders were caused/ aggravated by his service-connected lumbar spine disorder, the examiner's rationale was largely conclusory and based entirely on generic medical literature that did not address whether the Veteran's service-connected lumbar spine disorder aggravated his bilateral knee disorders. Accordingly, the Board finds that remand is warranted for new a VA medical opinion consistent with the directives herein. 

2. Entitlement to a TDIU prior to September 1, 2017 is remanded.

Consideration of entitlement to a TDIU is dependent upon the impact of the Veteran's service-connected disabilities on her ability to obtain or retain substantially gainful employment. The matter of a TDIU is, thus, inextricably intertwined with the Veteran's claims remanded herein. Accordingly, remand of the inextricably intertwined TDIU issue is also required. Harris v. Derwinski, 1 Vet. App. 180 (1991).

The matters are REMANDED for the following action:

Obtain a VA medical opinion from an appropriate examiner to determine the nature and etiology of the Veteran's bilateral knee disorders. The Veteran's claims file (to include this decision) must be reviewed by the examiner in conjunction with the evaluation. 

a) The examiner must provide an opinion as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's right and/or left knee disorders had their onset in or were otherwise related to her active duty service.

b) The examiner must provide an opinion as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's right and/or left knee disorders were caused or aggravated by her service-connected lumbar spine disorder. Aggravation in this context is defined as any increase in disability.

In rendering the above opinions, the examiner must specifically consider and discuss:

i) the Veteran's February 2020 hearing testimony that she began having knee pain during PT and continued to have knee pain after service;

ii) the STRs showing bilateral knee stress bone changes in June 1988 and right knee problems in April 1991; and

iii) the February 1997 VA examination documenting the Veteran's complaints that she had knee arthralgias since 1988. 

The examiner is advised that the Veteran is competent to report her symptoms/history and that such reports must be acknowledged and considered in formulating any opinion. If her reports are discounted, the examiner should provide a reason for doing so.

A rationale for all requested opinions shall be provided. The rationale must include a discussion of the underlying medical principles specific to the facts of this case and not simply reference generic medical literature. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Metzner, Paul

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.